**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA

v.                              NO. 4:06CR00218-01 JLH

ELIAS C. RHODES

## ORDER

Elias Rhodes has filed a motion for severance in which he asserts that a joint trial with his co-defendant would prejudice him and deprive him of a fair and impartial trial. He alleges, in conclusory fashion, that the jury would be unable to compartmentalize the evidence against him as distinguished from the other defendant and that the trial will involve overt acts other than those with which he was involved. He further says that he and the co-defendant may have mutually inconsistent defenses.

The Eighth Circuit summarized the law pertaining to severance of criminal defendants for trial in *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006):

> Where two or more defendants have been charged in the same indictment, there is a preference for a joint trial unless the benefits are outweighed by a clear likelihood of prejudice. *Zafiro v. United States,* 506 U.S. 534, 537, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993). Prejudice can be demonstrated by showing that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants because of a "prejudicial spillover effect." *United States v. Mickelson,* 378 F.3d 810, 817 (8th Cir. 2004); *United States v. Lueth,* 807 F.2d 719, 731 (8th Cir. 1986). The burden of showing a clear likelihood of prejudice falls on the party seeking severance. *United States v. Frazier,* 280 F.3d 835, 844 (8th Cir. 2002).
>
> Trying codefendants together not only conserves scarce time and resources, but also "gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." [*United States v. Darden,* 70 F.3d 1507, 1528 (8th Cir. 1995)] (internal quotations omitted). Severance is never warranted simply because the evidence against one defendant is more damaging than that against another, *United States v. Pecina,* 956 F.2d 186, 188 (8th Cir. 1992), even if the

likelihood of the latter's acquittal is thereby decreased. *See United States v. Gravatt,* 280 F.3d 1189, 1191 (8th Cir. 2002). What is required for a severance is a specific showing that a jury could not reasonably be expected to compartmentalize the evidence. *Lueth,* 807 F.2d at 731.

In *Zafiro v. United States,* 506 U.S. 534, 539, 113 S. Ct. 933, 938, 122 L. Ed. 2d 317 (1993), the Court stated:

> We believe that, when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. [Citation omitted.] Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. [Citation omitted.] Conversely, a defendant might suffer prejudice if the central exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. [Citations omitted.] The risk of prejudice will vary with the facts in each case, and the district court may find prejudice in situations not discussed here. When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but . . . less drastic reasons, such as limiting instructions, often will suffice to cure any risk of prejudice.

Following the standards articulated in *Hively* and *Zafiro*, the Court does not believe that Rhodes has met his burden of showing a clear likelihood of prejudice. Therefore, the motion for severance is DENIED. Document #81.

IT IS SO ORDERED this 28th day of April, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE