**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                            NO. 4:06CR00218-01 JLH

ELIAS C. RHODES                                            DEFENDANT

## ORDER

On April 6, 2009, the Court convened for trial in the case of *United States of America v. Elias C. Rhodes and Dominic R. Jackson.* After a hearing on motions pertaining to evidentiary matters, Rhodes announced that he wished to accept an offer of a plea agreement that had been made by the United States. The Court conducted a change of plea hearing and accepted Rhodes's plea of guilty on Counts Two and Six of the indictment. Counts One, Three, Four, and Five were then dismissed on motion of the government.

The plea agreement contained no provision for Rhodes to cooperate and was silent as to whether or not the United States would call him to testify against his co-defendant, Dominic R. Jackson. During the course of the plea colloquy, the Court asked Rhodes whether there was any promise or assurance that had been made to him that was not in the written plea agreement in an effort to induce him to plead guilty. He stated, under oath, that there was no promise or assurance made to him that was not in the written plea agreement.

The trial of Dominic R. Jackson then began with jury selection on the afternoon of April 6, 2009. On the morning of April 7, 2009, Rhodes's attorney, Cathleen V. Compton, requested to appear in court with Rhodes, and that request was granted. At that time, Compton informed the Court that Rhodes had stated throughout plea negotiations that he would not testify against Jackson,

that she had so informed Angela Jegley, the Assistant United States Attorney handling this case, and it was her understanding that Rhodes would not be called to testify. Nevertheless, after Rhodes changed his plea, Jegley had indicated her intention to call Rhodes to testify. Jegley then stated on the record that she had never promised that Rhodes would not be called to testify. The Court then ruled that the purported agreement could not be enforced because of Local Rule 7.4, which provides, "The court will not recognize any agreement between counsel, if counsel differ as to its terms, unless the agreement has been reduced to writing." Furthermore, the purported agreement would be a promise or assurance in addition to the terms of the written plea agreement, and Rhodes had informed the Court under oath during the change of plea colloquy that there was no promise or assurance given to him in an effort to induce him to plead guilty other than the promises and assurances contained in the written plea agreement.

During the noon hour on April 7, 2009, Compton appeared in court again with Rhodes and announced that Rhodes would invoke his privilege against self-incrimination guaranteed by the Fifth Amendment to the Constitution of the United States of America. The Court ruled that Rhodes would be permitted to invoke his Fifth Amendment privilege and recited on the record the cases that would permit Rhodes to do so.

Later in the day, the United States Attorney provided Rhodes with immunity from prosecution pursuant to 18 U.S.C. §§ 6002 and 6003. The letter granting that immunity is attached to this order as Exhibit 1. Pursuant to *Kastigar v. United States*, 406 U.S. 441, 92 S. Ct. 1653, 32 L. Ed. 2d 212 (1972), the Court then ordered Rhodes to testify. Rhodes informed the Court that he would refuse to testify. The Court informed Rhodes that if he refused to testify he would be held in contempt of court. Rhodes persisted in his refusal to testify.

Rule 42(b) of the Federal Rules of Civil Procedure provides:

> Notwithstanding any other provision of these rules, the court . . . may summarily punish a person who commits criminal contempt in its presence if the judge saw or heard the contemptuous conduct and so certifies . . . . The contempt order must recite the facts, be signed by the judge, and be filed with the clerk.

A face-to-face refusal to testify in open court may be punished summarily pursuant to Rule 42(b).

*United States v. Wilson*, 421 U.S. 309, 95 S. Ct. 1802, 44 L. Ed. 2d 186 (1975).

Here, during the trial of Dominic R. Jackson, in open court, directly in the presence of the undersigned, Rhodes refused to testify despite being ordered to do so by the Court. He had been given immunity from prosecution and had no legally sufficient basis for refusing to testify. Therefore, the Court finds him in contempt.

The Court will consider what punishment is appropriate for Rhodes's contempt of court when he is sentenced on Counts Two and Six of the indictment. Any punishment that may be imposed for a petty offense (*i.e.*, one that does not require a trial by jury) under the laws of the United States will be considered at that time.

IT IS SO ORDERED this 8th day of April, 2009.


J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of Arkansas*

*425 W. Capitol Avenue, Suite 500*
*Little Rock, Arkansas 72201*

April 7, 2009

Elias C. Rhodes

You have knowledge about drug activities with Dominic Jackson and Peter Robinson, based upon your statement of November 3, 2005. Please be advised that the government hereby grants immunity to you on the following terms and conditions:

1. No testimony, or other information provided by you to the government, the court, pursuant to this agreement, including information directly or indirectly derived from such testimony, documentation or other information, will be used against you in any criminal case.

2. You must supply complete and truthful information and data to the attorneys for the government, federal agents and the Court. You must answer all questions concerning this information and must not withhold any information. You must neither attempt to protect any person through false information or omission nor falsely implicate any person or entity.

3. You must testify truthfully and completely before the Court, related to this matter, when called upon to do so by the government.

4. Notwithstanding this grant of immunity, you can and will be prosecuted for any knowing materially false statement made under oath, as perjury.

Sincerely,

JANE W. DUKE
U. S. Attorney - EDAR

JWD:mg

Exhibit 1