IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

v.                                        NO. 4:06CR00218 JLH

ELIAS C. RHODES
DOMINIC R. JACKSON

## PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty plea by Elias C. Rhodes on April 6, 2009, to Counts 2 and 6 of the indictment, and a stipulation by the defendant in which he agreed to the forfeiture the Government sought pursuant to 21 U.S.C. § 853 , the defendant shall forfeit to the United States the assets listed below.

2. As the result of the guilty verdict by a jury in the trial of Dominic R. Jackson Rhodes and Dominic R. Jackson on April 8, 2009, on Counts 1, 2, 3,4,5, and 6 of the Indictment and waiver of his interest in the funds for which the Government sought forfeiture pursuant to 21 U.S.C. § 853, the defendant shall forfeit to the United States the assets listed below.

   a. all property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as the result of the unlawful drug activities as charged; and

   b. all property used or intended to be used in any manner or part to commit or facilitate the commission of unlawful drug activities as charged.

3. The Court has determined, based on the defendants' guilty plea and conviction, the following properties are subject to forfeiture pursuant to 21 U.S.C. §853, and that the government has established the requisite nexus between such properties and such offenses:

**UNITED STATES CURRENCY**

    a.    $ 1,397.00 in U.S. currency seized from Elias C. Rhodes and Dominic R. Jackson on November 3, 2005.

If any of the above described forfeitable property, as a result of any act or omission of the defendant:

    a.    Cannot be located upon the exercise of due diligence;

    b.    Has been transferred or sold to, or deposited with, a third party;

    c.    Has been placed beyond the jurisdiction of the court;

    d.    Has been substantially diminished in value; or

    e.    Has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, § 853(p) to seek forfeiture of any property of the Defendant up to the value of the property described above.

    4.    Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the above listed assets and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

    5.    Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

    6.    The United States shall publish notice of the order and its intent to dispose of the properties in such a manner as the United States Attorney General (or a designee) may direct.

The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Properties.

7. Any person, other than the above named defendant, asserting a legal interest in the Subject Properties may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Properties, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

8. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of their sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

9. Any petition filed by a third party asserting an interest in the Subject Properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Properties, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Properties, and any additional facts supporting the petitioner's claim and the relief sought.

10 After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the Subject Properties following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

12.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED this 20th day of April, 2009.

_____
UNITED STATES DISTRICT JUDGE