**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ELIAS C. RHODES                                                                                             PETITIONER

v.                                        No. 4:06CR00218 JLH

UNITED STATES OF AMERICA,
DEPARTMENT OF JUSTICE, and
BUREAU OF PRISONS                                                                                    RESPONDENTS

**ORDER**

In April of 2009, Elias C. Rhodes pled guilty to conspiring to possess fifty grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and to possessing a firearm in furtherance of a drug crime in violation of 18 U.S.C. §§ 2 and 924(c). He was sentenced to 180 months of imprisonment. In June of 2011, Rhodes filed a *pro se* motion captioned as a "Motion to Challenge the Constitutionality of Title 18 USC (Public Law 80-772)," which the Court docketed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. For the reasons set forth below, Rhodes's § 2255 motion is denied.

Rhodes claims that Public Law 80-772, codified as Title 18 of the United States Code, "did not 'become a [L]aw' " "because a quorum was not present when the bill was voted on in the US House of Representatives, [which] violat[ed] Article I, §5, Clause 1 and Article I, §7, Clauses 2 and 3," and therefore rendered the enactment "unconstitutional and *void ab initio*." He also contends that there was a *sine die* recess between the votes of the House and Senate on the bill, also rendering its passage invalid. Rhodes argues that he has been "illegally sentenced . . . under an unconstitutional law" and that the "Bureau of Prisons further violate[s] [his] civil rights by continuing to hold [him] as a prisoner without any merit."

Rhodes's claim joins a "rash of frivolous claims raised by prisoners across the country" that concern the "supposed irregular adoption of Public Law 80-772" and "have been denied by every court to address them." *Cardenas-Celestino v. United States*, 552 F. Supp. 2d 962, 966 (W.D. Mo. 2008) (collecting cases). Courts have thoroughly debunked that Title 18 was improperly enacted and is thus invalid. *Id*; *see also U.S. Civil Serv. Comm'n v. Nat'l Ass'n of Letter Carriers AFL-CIO*, 413 U.S. 548, 550 n.1, 93 S. Ct. 2880, 2883 n.1, 37 L. Ed. 2d 796 n.1 (1973) (Title 18 has "been enacted into positive law."); *United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007) (argument that Title 18 is unconstitutional because of "supposed irregularities in its enactment" is " 'unbelievably frivolous.' " (internal citation omitted)).

Several courts have addressed, and rejected as meritless, the specific claim that a quorum was not present when Congress voted on Public Law 80-772. *See, e.g.*, *Harris v. United States*, No. 11 CV 0044, 2011 WL 1365554, at *2 (W.D. La. Mar. 28, 2011) (argument that Title 18 does not exist because Congress did not have a quorum present for its vote is "unsupported," "conclusory," and "absurd."); *United States v. Lewis*, No. C 09-04300 SI, 2010 WL 3447702, at *2 (N.D. Cal. Aug. 30, 2010) (argument that Title 18 is invalid because its passage did not comply with the Quorum Clause of the Constitution is "plainly frivolous and does not justify relief from [petitioner's] conviction and sentence"). Courts have also determined that the specific argument that there was a *sine die* recess between the votes of the House and Senate is factually incorrect. *See Cardenas-Celestino*, 552 F. Supp. 2d at 966-67 (collecting cases).

Moreover, Rhodes's section 2255 motion is untimely because his claim's limitation's period has expired. Section 2255 provides a one-year period of limitation. In Rhodes's case, the period began running when the judgment of conviction became final, 28 U.S.C. § 2255(f)(1), which was

on August 7, 2009.[1] He therefore had until August 7, 2010 to file his § 2255 motion. And while "equitable tolling is available to a § 2255 movant," *Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009), it is "only appropriate in instances where extraordinary circumstances beyond a petitioner's control prevent timely filing." *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006) (citation omitted). Further, "[t]he petitioner must also demonstrate he acted with due diligence in pursuing his petition." *Id.* Here, there is no evidence that extraordinary circumstances beyond Rhodes's control prevented timely filing or that he acted with due diligence in pursuing his petition. Thus, the section 2255 motion is barred by the statute of limitations.

Rhodes's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED this 12th day of July, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] Because Rhodes never filed a notice of appeal, his judgment of conviction became final ten days after July 24, 2009, when judgment was entered, excluding the first day of the period, Saturdays, and Sundays. *See Anjulo-Lopez v. United States*, 541 F.3d 841, 816 n.2 (8th Cir. 2008).